51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 M.M. SUNDT CONSTRUCTION COMPANY, National Union Fire
Insurance Company, California Union Insurance
Company, Plaintiffs-Appellants,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee,
and
National Surety Corporation, Defendant,
and
Martinez Custom Trailers, Inc., Defendant-Third-party-Plaintiff,
v.
Leslie P. STORHAUG, individually; Storhaug Insurance
Agency, Inc., Third-Party-Defendants.
M.M. SUNDT CONSTRUCTION COMPANY, National Union Fire
Insurance Company, California Union Insurance
Company, Plaintiffs-Appellants,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee,
and
National Surety Corporation, Defendant,
and
Martinez Custom Trailers, Inc., Defendant-Third-party-Plaintiff,
v.
Leslie P. STORHAUG, individually; Storhaug Insurance
Agency, Inc., Third-Party-Defendants.
 Nos. 93-2328, 94-2024.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.
 
 
 3
 In No. 93-2328, plaintiffs appeal an order of the district court granting defendant Continental Casualty Company's motion for summary judgment. The district court's order is final and appealable because plaintiffs' claims against the other defendants and the third-party claims had either been settled or were rendered moot by the summary judgment decision. Plaintiffs challenge only the court's grant of summary judgment to Continental. In No. 94-2024, plaintiffs appeal the district court's order denying their motion for reconsideration filed pursuant to Fed.R.Civ.P. 59.
 
 
 4
 The parties are familiar with the facts and issues and we will not repeat them. In granting summary judgment, the district court held that no material facts were disputed and that the contract provision that Martinez name Sundt an additional insured was not ambiguous. The court held that provision was not intended to require Martinez to provide general coverage for Sundt's own actions, but rather was intended to insure Sundt for any liability Sundt might incur as a result of Martinez' acts.
 
 
 5
 We review the district court's grant of summary judgment de novo applying the same standard used by the district court. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). The district court, in ruling on a motion for summary judgment, may not make findings as to what the facts are, but examines the facts alleged to be disputed to determine whether they are material and, if so, whether they actually are disputed. Cf. Williams v. West Jordan City, 714 F.2d 1017, 1020 (10th Cir.1983) (district court's finding on police manual rule was not error because issue was not one of material fact).
 
 
 6
 The determination of whether a contract is ambiguous is a matter of law which we review de novo. See Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.), 998 F.2d 783, 789 (10th Cir.1993). The contract here is clear and unambiguous. The contract states that "[w]ith respect to the acts of MARTINEZ CUSTOM TRAILER, INC., Officers, Employees, subcontractors, and or Agents, in the performance of work on this project, M.M. Sundt Construction Company shall be named as additional insured." Appellant's App. Vol. I at 28. Martinez was to insure Sundt only as to liability it might incur as a result of Martinez' acts. Plaintiffs' arguments on other issues are without merit and are irrelevant to this appeal.
 
 
 7
 The only remaining issue is whether the claims asserted against Sundt in the state court action arose out of acts of Martinez such that Continental had a duty to defend Sundt. The plaintiff alleged separate causes of action against Sundt and Martinez. It was alleged that Sundt had not acted in accordance with its written safety policy because it had not placed required traffic control signs and equipment in place prior to beginning construction. Id. Vol. II at 268. Against Martinez, the plaintiff claimed a driver for Martinez had negligently attempted to drive across the highway and had collided with the plaintiff's automobile. Id. at 267-68. These two claims stand on their own. The negligence of Martinez' driver is not related to Sundt's negligence in failing to follow its own safety procedures.
 
 
 8
 Plaintiffs' remaining arguments are without merit. In No.94-2024, plaintiffs argue the materials they submitted to the court in their motion to reconsider created genuine issues of material fact. We disagree.
 
 
 9
 The judgments of the United States District Court for the District of New Mexico are AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470